MAGDALENA YUNG et al.

*v.*

ROLL STICKLEY & SONS et al.

[Decided November 7th, 1917.]

1. An injunction against proceeding on a judgment of a court of law will be granted where the defendant was prevented by an accident from appearing in the court of law and interposing a meritorious defense, especially if the judgment is founded upon a palpable forgery, and the court of law is helpless to give relief.

2. Fraudulent suppression of a summons served on defendant by leaving at her residence with a member of her family, by the person upon whom served, who is not the agent of defendant, is an accident against the result of which equity will relieve.

3. While ordinarily the relief granted by courts of equity in suits affecting the validity of judgments obtained at law as the result of fraud, mistake, accident, &c., is a perpetual stay of proceeding, the court may direct the judgment creditor to cancel the judgment or consent to its vacation.

On bill, &c.

*Messrs. Lum, Tamblyn & Colyer,* for the complainants.

*Mr. Frank E. Bradner,* for the defendants.

LANE, V. C.

The bill seeks to enjoin the defendant, Roll Stickley & Sons, from proceeding upon a judgment obtained by it in the second district court of the city of Newark against Frederick P. Yung, George Yung and Magdalena Yung. The judgment was upon a note purporting to be signed by the complainant, Magdalena Yung, and Frederick P. Yung and George Yung, her sons. The proofs demonstrate that the signature of Magdalena Yung to the note is a forgery. No attempt even was made to simulate the signature of complainant. There is merely a combination

of letters arranged in the same sequence as are the letters in complainant's name. The complainant is an old lady of very little intelligence. I had her write her signature in open court. She is too ignorant to have attempted to disguise her signature. A cursory comparison of the signature written in open court and the signature upon the note indicates beyond question the writing purporting to be her signature on the note is a forgery. The forgery was perpetrated by the son, Frederick P. Yung. The summons in the district court action was served at what had been the residence of the complainant upon Frederick P. Yung. He not only concealed from his mother the fact of the service of process, but subsequently appeared in the district court and testified to the genuineness of her signature, and upon his testimony the judgment was rendered. The complainant knew nothing either of the service of process or of the rendition of judgment until after the expiration of thirty days after the judgment was rendered. She then made timely application to the district court for relief. That court denied relief upon the ground that under the statute it had no power to set aside the judgment after the expiration of thirty days. It did not deal with the merits of the application. Relief was then sought in this court.

I have considered the following cases: *Mechanics National Bank* v. *Burnet Manufacturing Co., 33 N. J. Eq. 486; Herbert* v. *Herbert, 47 N. J. Eq. 11; Herbert* v. *Herbert, 49 N. J. E. 70; affirmed, 49 N. J. E. 565; Schweitzer* v. *Bonn, 55 N. J. Eq. 107; Hayes* v. *U. S. Phonograph Co., 65 N. J. Eq. 5; Wilson* v. *Anthony, 72 N. J. Eq. 836; Mierke* v. *Sebecke, 74 Atl. Rep. 977,* and have come to the conclusion that the complainant is entitled to relief.

The general rule as expressed by the chancellor (McGill) in *Herbert* v. *Herbert, 47 N. J. Eq.* (at *p. 15*), is as follows: "In such a case, upon an application, free from laches and intervening equities, relief will be granted where it appears that the complainant, pending the suit at law, was ignorant of the fact upon which he relied for relief, or where, being a matter of equitable cognizance, the defense would not be received in the suit at law; or where the complainant was prevented from avail-

ing himself of the defence by fraud or accident or by the act of the opposite parties unmixed with negligence or fraud on his part."

In *Herbert* v. *Herbert, supra,* Vice-Chancellor Van Fleet (at *p. 81*), adopted the definition contained in *Pomeroy* as to what is an accident: "Accident is an unforeseen and unexpected event, occurring external to the party affected by it, and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wish, he loses some legal right, or becomes subject to some legal liability and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances to retain."

There can be no doubt but that if the complainant had been residing in the premises at which the process had been served, and had actually been served with process without being informed of its contents, and then had placed the papers upon a table preparatory to examining them, and a sudden gust of wind had taken them out of the window and they were lost so that the complainant actually received no knowledge of their contents, this court would relieve upon the ground of accident if judgment were entered in a law court without the knowledge of complainant. In this case, the papers were served upon her son and were by him fraudulently concealed. It cannot be that equity will relieve in the first instance and not in the second.

I have found, as a fact, that the complainant did not reside in the premises at which the process was served, and that her son was not her agent. Although she may have been prevented by the fraud of her son, a third party, from making her defence, so far as she is concerned, her failure to make a defence was also occasioned by accident within the definition adopted by Vice-Chancellor Van Fleet. There was no negligence on her part or on the part of her agent. The judgment is one which it would be against conscience to permit defendant to hold. Subsequent to the rendition of the judgment a certain payment was made by the complainant to defendant and it is insisted that this payment was on account of the judgment. I do not find this to be the fact. She made the payment voluntarily on

an old indebtedness of her husband, then deceased, without knowledge that any note had been given or judgment recovered.

The complainant is entitled to relief, and I think the proper form would be to perpetually stay the proceedings upon the judgment unless defendants will consent to open the judgment in the district court and proceed to a new trial if that be possible under the practice in the district court. If this course be not possible or practical, then the defendant should be perpetually stayed from proceeding upon the present judgment, or should have leave to institute a new suit at law, and the complainant should be restrained from setting up the former recovery. If it is desired that the record be cleared defendant may be compelled to cancel the judgment or consent to its vacation.

Settle decree on one day's notice.